UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DASHEIKA COUTHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:23-cv-03468 (UNA) |
| | ) |
| GALLAGHER BASSETT, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

Plaintiff, proceeding *pro se*, has filed a complaint, ECF No. 1, and an application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. Plaintiff's IFP application is granted and, for the reasons discussed below, this matter is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

Plaintiff, a resident of Woodbridge, Virginia, sues a single defendant, Gallagher Bassett. *See* Compl. at 1. According to the Complaint, Gallagher Bassett is located in Clinton, Iowa. *See id*. Plaintiff, who is a caterer, was grocery shopping at a Shoppers Supermarket in Forestville, Maryland, on September 10, 2023, when she slipped and fell in an aisle. *See id*. at 2. She contends that, although the floor was quite wet and slippery, no warning was provided, and that another customer had previously notified a store employee about the hazard, but that employee ignored the complaint. *See id*. As a result of the fall, plaintiff injured her foot, and she was unable to complete her scheduled catering job that day. *See id*. She alleges that she lost $2,500 associated with that job. *See id*.

Plaintiff also asserts that, shortly thereafter, a representative from Gallagher Bassett contacted her on behalf of the Supermarket, presumably as a third-party administrator or claims manager. *See id.* at 2–3. She alleges that that representative mistreated her, then ignored her, and ultimately denied her claim because she never sought any medical treatment. *See id.* at 3–4. She demands the $2,500 in lost fees, plus $2,000 in additional damages to compensate her for "emotional distress." *See id.*

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented, or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332.

First, plaintiff has filed a tort claim against a private actor and thus the Complaint raises no federal question. Second, although the parties appear to be of diverse citizenship, plaintiff seeks only $4,500 in damages, which falls well below the $75,000 threshold. Moreover, even if plaintiff had somehow established subject matter jurisdiction, venue is improper in this District. Venue in a civil action is proper only in (1) the district where any defendant resides, if all defendants reside in the same state in which the district is located, (2) in a district in which a substantial part of the events or omissions giving rise to the claim occurred (or a substantial part of the property that is the subject of the action is situated), or (3) in a district in which any defendant may be found, if there is no district in which the action may otherwise be brought. *See* 28 U.S.C. §§ 1391(b), 1406(a). Here, none of the parties are located in the District of Columbia, and plaintiff's claims have no connection to this District.

For these reasons, the Complaint is dismissed without prejudice. An order consistent with this Memorandum Opinion is issued separately.

Date:  December 18, 2023

/s/_____
**BERYL A. HOWELL**
United States District Judge